**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-CV-02322-CMA-KMT

KRISTIN HOPKINS

      Plaintiff,

v.

GENERAL MOTORS, L.L.C.

      Defendant.

**AGREED PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and which contains trade secrets other confidential research, development, or commercial information. CONFIDENTIAL information shall not be disclosed or used for any

1

purpose except the preparation and trial of this case.

4. GM may produce and designate as being "HIGHLY CONFIDENTIAL" under this Protective Order design information that is produced by GM in a three-dimensional electronic CAD data format. Plaintiff may produce and designate as being "HIGHLY CONFIDENTIAL" under this Protective Order all of Plaintiff's psychiatric and psychological medical records. Such information designated by the parties as "HIGHLY CONFIDENTIAL" is not subject to the "sharing" provision of this Protective Order contained in Paragraph 5(h), below.

5. CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses;

    (h) counsel of record involved in pending litigation against General Motors LLC which involves:

      (i)      an alleged defect in the Body Control Module of 2004-2012 Chevrolet Malibu, 2004-2007 Chevrolet Malibu Maxx 2005-2010 Pontiac G6 and 2007-2010 Saturn Aura vehicles; and/or

      (ii)     an alleged defect in the electric power steering system of 2004-2012 Chevrolet Malibu, 2004-2006 Chevrolet Malibu Maxx, 2005-2010 Pontiac G6, and 2007-2009 Saturn Aura vehicles.

Documents designated by the parties as HIGHLY CONFIDENTIAL are not subject to this sharing provision of the Protective Order.

      (i)     other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Confidential Discovery Materials shall not be filed with the Clerk except when required in connection with matters pending before the Court. If lodged or filed in connection with discovery motions or proceedings, and all pleadings and memoranda purporting to reproduce or paraphrase such Confidential Discovery Information, shall be lodged or filed in a sealed envelope, which shall bear the word "Confidential" and a statement substantially in the following form:

> **"THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED OR THE CONTENTS REVEALED, EXCEPT BY ORDER OF THE COURT OR AGREEMENT BY THE PARTIES."**

and shall remain sealed while in the office of the Clerk for so long as they retain their status as Confidential Discovery Materials. Said Confidential Discovery Materials shall be kept under seal until further order of the Court; however, said Confidential Discovery Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

11.  A party that files with the Court materials designated as Confidential Information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to Local Rule 7.2 of the United States District Court for the District of Colorado.[1]

12.  A party that files with the Court, materials designated as Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

(a)  At least fourteen days prior to the filing or use of the Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information. Any affected party or non-party may then file a Motion to Restrict, pursuant to Local Rule 7.2(c) of the United States District Court for the District of Colorado; or

---

[1] http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/LocalRules/CivilLocalRules.aspx

(b)     At the time of filing or desiring to use the Confidential Information, the submitting party shall submit the materials pursuant to the Motion to Restrict provision of Local Rule 7.2(e) of the United States District Court for the District of Colorado.  Any affected party or non-party may then file a motion to restrict, pursuant to Local Rule 7.2(c) of the United States District Court for the District of Colorado), within fourteen days after such lodging.  Documents lodged pursuant to Local Rule 7.2 of the United States District Court for the District of Colorado shall bear a legend stating that such materials shall be unsealed upon expiration of fourteen (14) days, absent the filing of a motion to seal pursuant to Local Rule 7.2(e) or Court order filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.

13.  Use of confidential documents or information covered by this Protective Order at trial or in other proceedings shall be addressed by the court at such times.

14.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. If any party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to the termination of this lawsuit. Modification of this Order after termination of this lawsuit by judgment, settlement, or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Protective Order

will govern. Provision for the use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

16..   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SIGNED AND ENTERED this 6th day of April, 2016.

_____
Honorable Kathleen M. Tafoya
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED AS TO FORM:

/s/ Kurt Zaner
Kurt Zaner
kz@zanerhardenlaw.com

Elliot Singer
es@zanerhardenlaw.com

Donald H. Slavik
dslavik@slavik.us

Attorneys for Plaintiff


/s/ James Andrew Richardson
Mary Quinn Cooper
maryquinn.cooper@mcafeetaft.com

James Andrew Richardson
andrew.richardson@mcafeetaft.com

Lee A. Mickus
lmickus@swlaw.com

Attorneys for Defendant
General Motors LLC