**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-CV-02322-CMA-KMT

KRISTIN HOPKINS,

    Plaintiff,

vs.

GENERAL MOTORS, L.L.C.

    Defendant.

---

**MOTION TO ENTER ESI PROTOCOL**
**AS ORDER OF THE COURT**
**AND MOTION FOR EXPEDITED BRIEFING SCHEDULE**

---

Plaintiff Kristin Hopkins, by and through her counsel, ZANER HARDEN LAW, L.L.P. and SLAVIK LAW, L.L.C., hereby files her Motion to Enter ESI Protocol as Order of the Court and in support states as follows:

**Certificate of Conferral Pursuant to D.C.Colo.LCivR 7.1(a)**.  Counsel for Plaintiff Kristin Hopkins certifies that counsel has conferred with counsel for Defendant General Motors regarding the filing of this Motion.  Counsel for Defendant General Motors opposes the Motion because it is not "consistent with local rules on ESI, which specifically discourage involving the court in these issues."

**I.    Introduction**

The parties have conferred extensively regarding the ESI Protocol attached to this Motion and have agreed to the terms of the Protocol.  However, the parties disagree as to whether the ESI Protocol should remain as a stipulation between the parties or whether the Court should enter it as

a binding Order. Given the simple nature of this issue and the Plaintiff's great need for ESI documents, Plaintiff also moves for an expedited briefing schedule on this Motion.

**II.    Discussion**

GM asserts that entering the ESI Protocol as a Court Order would be contrary to the District of Colorado's local rules on ESI. However, this District's Guidelines Addressing the Discovery of Electronically Stored Information contains no prohibition on entering an ESI Protocol as a Court Order. In fact, the Guidelines expressly state that certain agreed-upon provisions of the ESI Protocol should be "**memorializ[ed] in a court order**." *Guidelines*, Guideline 5, Commentary 5.3 (emphasis added). GM is correct that when a *dispute* arises regarding an ESI Protocol, the parties should attempt to confer first. *Guidelines*, Guideline 4, Commentary 4.2. However, the Guidelines also state that "informal conferences with the Court" can be utilized to mediate ESI disagreements. *Id.* Additionally, the Sedona Principles Addressing Electronic Document Production, which are frequently cited in this District's Electronically Stored Information Guidelines, also suggest memorializing an ESI Protocol in an Order of the Court. *Sedona Principles* (June 2007), at 9 ("a court order" should "embody" an ESI agreement).

Further, it is, in fact, the practice of this Court and other Courts across the country to enter ESI Protocols as Orders of the Court. This Court entered a Stipulation and Order Regarding ESI and Paper Document Production Protocol in *Fuller Real Estate, L.L.C. v. Sycamore Brokerage, L.L.C.*, No. 14-cv-03450, R. Doc. 32 (D. Colo. May 4, 2015). The ESI Protocol in *Fuller* contains many of the same clauses as the ESI Protocol in this matter does. Likewise, in the General Motors multi-district ignition litigation, Judge Furman entered *two* ESI Orders. *In re General Motors, L.L.C. Ignition Switch Litigation*, No. 1:14-md-02543-JMF, R. Doc 295 (S.D.N.Y. Sept. 10, 2014); *id.*, R. Doc. 638 (Mar. 11, 2015). In another automobile product liability case, Judge Charles

Breyer entered a similar ESI Order in *In re Volkswagen "Clean Diesel" Marketing Sales, Practices, and Products Liability Litigation*, No. 3:15-md-02672-CRB, R. Doc. 1379 (N.D. Cal. Mar. 24, 2016). The U.S. District Court for the Eastern District of Michigan has even published a "Model Order Relating to the Discovery of Electronically Stored Information" which is available on the Internet.[1]

Finally, this Court should enter the parties' ESI Protocol so that the Protocol and all its terms become *binding* upon both Plaintiff and GM. A mere stipulation between the parties is always subject to interpretation whereas a Court Order is not.

**WHEREFORE**, Plaintiff Kristin Hopkins respectfully requests that this Court enter the ESI Protocol as an Order of the Court. Plaintiff further respectfully requests an expedited briefing schedule on this Motion as this issue is simple and Plaintiff's need for the ESI is great.

Dated: April 6, 2016                             Respectfully submitted,

                                                 ZANER HARDEN LAW, LLP

                                                 */S/ Kurt Zaner*
                                                 Kurt Zaner, Esq. #40989
                                                 Marc Harden, Esq. #36812
                                                 Elliot Singer, Esq. #47490
                                                 1610 Wynkoop Street, Suite 120
                                                 Denver, CO 80202
                                                 Phone: (303) 563-5354
                                                 Fax:    (303) 563-5351
                                                 E-mail:     kz@zanerhardenlaw.com
                                                             mh@zanerhardenlaw.com
                                                             es@zanerhardenlaw.com

---

[1] http://www.coalsp.org/wp-content/uploads/2013/11/USDC-EDMICHIGAN-MODEL-ORDER.pdf

SLAVIK LAW, L.L.C.

*/S/ Don Slavik*
Don Slavik, Esq. #33860
2834 Blackhawk Court
Steamboat Springs, CO 80487
Phone: (970) 457-1011
E-mail: dslavik@slavik.us

## **CERTIFICATE OF SERVICE**

I certify that on April 6, 2016, this **MOTION** was served by CM/ECF to the following:

Lee Mickus
Erik G. Nielsen
Snell & Wilmer
1200 17th Street
Suite 1900
Denver, Colorado 80202
(303) 634-2000

Andrew Richardson
Mary Quinn Cooper
McAfee & Taft
1717 South Boulder Ave. West
Suite 900
Tulsa, OK 74119
(918) 574-3066

                                            */s/ Courtney Clark*
                                            Courtney Clark, Litigation Paralegal